FILED

08/08/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0325

DA 17-0325

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 193N

NICOLE LEANNE KENT, a/k/a
NICOLE LEANNE LINDBLOM,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis And Clark, Cause No. CDV-2017-299
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Colin M. Stephens, Nick Kirby Brooke, Smith & Stephens, P.C.,
            Missoula, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Ryan Aikin, Assistant
            Attorney General, Helena, Montana

            Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs: July 12, 2017
Decided: July 12, 2017
Issued: August 8, 2017

Filed:

                                   Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Nicole Kent (Kent) appeals the Montana First Judicial District Court's order denying her petition for postconviction relief. We affirm.

¶3     Kent is a Canadian citizen who has lived in Helena, Montana, since childhood. In May 2014 Kent was charged with multiple felony and misdemeanor drug-related criminal violations. Pursuant to a plea agreement, Kent pled guilty to three of the felony charges: possession of dangerous drugs, possession with intent to distribute, and child endangerment. All remaining charges were dismissed. In November 2014 Kent was sentenced to three concurrent, five-year commitments to the Department of Corrections (DOC), with two years suspended, and transferred to the "Passages" chemical dependency treatment facility in Billings. Either prior to, or shortly after, her sentencing hearing, Kent was visited by an agent from Homeland Security who placed an immigration detainer on her. After her transfer to Billings she was interviewed by another federal agent regarding immigration. On January 11, 2017, Kent was paroled and released into the custody of federal immigration authorities, and shortly thereafter she was transferred to an immigration holding facility in Tacoma, Washington. In Tacoma,

2

Kent met with an attorney who advised that one of the consequences of her guilty plea to the felony drug distribution offense was mandatory deportation. Thereafter, on April 20, 2017, Kent filed a petition for postconviction relief on the grounds that her attorney, who represented her during plea agreement and sentencing, was ineffective because he failed to investigate and advise her of the immigration consequences of her guilty plea to a drug distribution offense. The District Court denied the petition, without a hearing, on the grounds that it was untimely and therefore procedurally barred. The court further concluded that there was no basis for applying an equitable tolling exception to the time bar.

¶4      Section 46-21-102(1), MCA, requires a petition for postconviction relief be filed within one year of the date the conviction becomes final. There was and is no dispute that Kent failed to file her petition within one year. Thus, the decisive issue for the District Court, and now this Court, is whether the alleged ineffective assistance of counsel claim triggered an "equitable tolling" of the statute until Kent learned for certain that she was subject to mandatory deportation. The District Court summarized its reasons for rejecting Kent's claim of equitable tolling as follows:

> [T]he threshold consideration here is not whether Kent's counsel was ineffective. Rather, the issue is whether her claim of ineffective assistance is procedurally barred. . . . [T]he circumstances in the instant case do not warrant a tolling of the time bar. Kent knew early on that there may be immigration consequences resulting from a criminal conviction. She repeatedly informed her attorney that she was concerned that a felony conviction would impact her immigration and residency status. She states also that she rejected one plea offer, fearing that a felony conviction would result in deportation. Further, she was visited by a Homeland Security agent in October 2014 who told her he was placing an immigration detainer

3

on her and informed her she would have to appear before an immigration judge following completion of her sentence.

Thus, Kent knew of the immigration detainer in October 2014. Further, she recites meetings and communications from ICE in late 2014. Nonetheless, she raised no ineffective assistance claim until the instant case was filed in April 2017. . . . [S]he provides no adequate explanation for the years of delay in filing her petition for postconviction relief.

The [c]ourt concludes that application of the time bar in this case does not work a clear miscarriage of justice so obvious that it compromises the integrity of the judicial process. (Citation omitted.)

¶5 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are incorrect. *Marble v. State*, 2015 MT 242, ¶ 13, 380 Mont. 366, 355 P.3d 742. We review de novo a district court's decision not to apply the doctrine of equitable tolling as it relates to a petition for postconviction relief. *Davis v. State*, 2008 MT 226, ¶ 10, 344 Mont. 300, 187 P.3d 654.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review, all of which were appropriately and correctly applied by the District Court.

¶7 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE

4